```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
DAVID BARRETT,

                    Plaintiff,

        -against-                          ORDER
                                           11-CV-5509 (JS)(WDW)
ONEWEST BANK, F.S.B., as successor
in interest to IndyMac Federal Bank,
F.S.B.,

                    Defendant.
-------------------------------------X
APPEARANCES
For Plaintiff:         David Barrett, pro se
                       38 Carrington Drive
                       East Northport, NY 11731

For Defendant:         Jason E. Brooks, Esq.
                       McCabe, Weisberg & Conway
                       145 Huguenot Street, Suite 499
                       New Rochelle, NY 10801
```

SEYBERT District Judge:

Pending before the Court is Defendant OneWest Bank's motion to dismiss for insufficient service or, in the alternative, for an order directing pro se Plaintiff David Barrett to effect proper service of process. (Docket Entry 8.) The Court will address the merits of that motion in due course. In the meantime, the Court addresses two points.

First, the docket entry for Defendant's motion incorrectly suggests that the Court will hold a hearing on the motion on February 13, 2012 at 10:00 a.m. That is not the case. Plaintiff's opposition to Defendant's motion is due on or before

February 13, but there is no need for either party to appear in Court on that date. If the Court decides to hear oral argument on Defendant's motion, it will notify the parties. Relatedly, Plaintiff is directed that he may ignore language in Defendant's motion stating that Plaintiff's opposition must be filed three days before February 13.

Second, Defendant has a duty to avoid unnecessary expenses associated with serving process. FED. R. CIV. P. 4(d)(1). Defendant's motion seeks, in the alternative, that Plaintiff be directed to effect proper service. The Court construes this request as an indication that Defendant would refuse to waive service of process if it were asked. Accordingly, the Court orders the following: within five days of the date of this Order, Defendant shall (1) provide Plaintiff and the Court with the names and addresses of all of Defendant's officers, managing or general agents, and "any other agent authorized by appointment or by law to receive service of process," FED. R. CIV. P. 4(h)(1)(B); and (2) pay into Court $200, which will be held in an interest-bearing account and used to reimburse Plaintiff's expenses incurred in making service should the Court ultimately grant Defendant's requested relief. Also within five days, Defendant may attempt to explain why the Court should not impose on it the costs of service. See FED. R. CIV. P.

4(d)(2). Any proffer of "good cause" does not relieve Defendant of its obligation to pay $200 into Court in the first instance.

## CONCLUSION

The foregoing are the orders of the Court. Defendant is directed to serve a copy of this Order on the pro se Plaintiff within two days of the date of this Order and file proof of service with the Court.

The Clerk of the Court is respectfully directed to accept $200 from Defendant and place it in an interest-bearing account.

SO ORDERED.

/s/ JOANNA SEYBERT\
Joanna Seybert, U.S.D.J.

Dated:   January  12 , 2012\
         Central Islip, New York